## No. 465.

### JULIA A. LEWIS *v.* WINSTON, MORRISON & Co., et als.

Where the wife alleged that she was separated in property from her husband, that the property seized and of which she was in possession at the time belonged to her, and prayed for an injunction to prevent the sale of said property to pay her husband's debts, the exception that plaintiff had failed to set forth the nature of her title can not be sustained. This is not a petitory action, although the title to property be incidentally involved.

The affidavit of the plaintiff in injunction, that the facts and allegations set forth are true, is sufficient. It was not necessary to state that they were all true. The importance of the omission of the word *all* in the affidavit can not be seen.

The objection that the husband has not authorized his wife to bring this suit was properly overruled. It is alleged in the petition that she is authorized by her husband, and this is not specially denied. But the injunction bond is signed by the husband. That is sufficient proof that he has authorized the institution of this suit.

APPEAL from the Eleventh Judicial District Court, parish of Bienville. *Trimble, J. L. B. Watkins* and *D. F. Head*, for plaintiff and appellee. *J. F. Pierson*, for defendants and appellants.

LUDELING, C. J. Several creditors of O. F. Lewis having caused executions to be issued on judgments against him, caused certain property to be seized and advertised as his. Whereupon his wife, alleging that she was separated in property, and that the property seized belonged to her and was in her possession, obtained an injunction to prevent the sale of her property to pay her husband's debts. An exception was filed, stating that the plaintiff had failed to set forth the nature of her title, and praying for the dismissal of her injunction. The exception was properly overruled. This is not a petitory action, although the title to property be incidentally involved. Defendants then moved to dissolve the injunction on the ground that the affidavit is defective. They say : " The affidavit is that the facts and allega-

tions in the petition are true, but does not state that they are all true." We confess our inability to see the importance of the omission of the word "all" in the affidavit.

The next objection, urged orally, is that the husband has not authorized his wife to bring this suit. It is alleged in the petition that she is authorized by her husband, and this is not specially denied. But the injunction bond is signed by the husband to aid and authorize her to sign it. That is sufficient proof that he has authorized the institution of the suit.

The judgment of separation was obtained before the existence of the debts of the seizing creditors, and the property was acquired by the wife after the judgment of separation, and appears to have been exclusively under her control and management. The judgment in her favor is correct.

It is therefore ordered that the judgment be affirmed with costs of appeal.